**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000643
23-AUG-2013
10:44 AM**

NO. CAAP-11-0000643

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE INTEREST OF
D.T.

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-J NO. 87911, REF. NO. I10-605)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Respondent-Appellant D.T. (Minor) appeals from the following rulings of the Family Court of the Second Circuit[1] (family court): (1) the May 10, 2011 "Findings of Facts and Conclusions of Law; and Order Denying, in Part and Granting, in Part, Minor's Motion for Reconsideration" (Reconsideration Order); (2) the July 19, 2011 "Order Following a Contested Restitution Hearing on July 15, 2011" (Order Re: Restitution); and (3) the July 28, 2011 "Decree Re: Modification and Change of Law Violations Decree" (Decree Re: Modification).

On appeal, Minor raises the following points of error: (1) the family court erred in awarding restitution because the State failed to prove what losses resulted from Minor's actions; and (2) the family court erred in failing to merge eight Burglary

---

[1] The Honorable Geronimo Valdriz presided.

charges, seven Theft charges, and eight Criminal Property Damage charges into one charge each for Burglary, Theft, and Criminal Property Damage because they arose out of the same continuing course of conduct. With regard to his second point of error, Minor contends that Conclusions of Law (COL) 34, 35, and 44 in the Reconsideration Order are erroneous.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by Minor, as well as the relevant legal authority, we resolve Minor's points of error as follows:

(1) The family court ordered Minor to make restitution in the amount of $2,545.40 for repairs to nine classroom door locks. Hawaii Revised Statutes (HRS) § 571-48(11) (2006 Repl.) provides, in pertinent part, that the family court "may order any person adjudicated pursuant to section 571- 11(1) to make restitution of money or services to any victim who suffers loss as a result of the child's action[.]" Minor argues that the family court erred in awarding restitution without proof that the losses were caused by Minor's actions.

In separate counts in the Petition, each relating to a specific classroom, Minor was charged as a principal and/or accomplice of intentionally or knowingly damaging the "door, door handle, door knob, and/or locking mechanism" for ten classrooms (classrooms P-8, P-2, P-3, P-4, P-5, H-101, G-101, G-104, P-1, and I-102). After trial, the family court determined that the State had met its burden of proof as to eight counts of Criminal Property Damage relating to, respectively, classrooms P-8, P-2, P-3, P-4, P-5, H-101, G-101, G-104. The family court ruled that the State did not meet its burden of proof for the Criminal Property Damage charges alleged in counts 26 and 28, which relate to classrooms P-1 and I-102, respectively.

2

On January 27, 2011, the family court initially ordered restitution of $3,713.84. Subsequently, a contested restitution hearing was held on July 15, 2011, wherein the State submitted into evidence two invoices from the locksmith who repaired the doors. The first invoice (Invoice #1) shows repairs for ten classrooms and twelve doors (two classrooms having two doors that required repairs). The repairs reflected in Invoice #1 include the eight classrooms related to the Criminal Property Damage counts for which Minor was adjudicated a law violator (*i.e.*, P-8, P-2, P-3, P-4, P-5, H-101, G-101, and G-104). The second invoice (Invoice #2) was for repairs to additional doors that were not included in the first invoice.

In the Order Re: Restitution, the family court reduced the amount of restitution by omitting the charges from Invoice #2 ($333.84), deducting the cost for three of the more expensive "Lever IC" classroom locks ($540.00) in Invoice #1, deducting labor for the three locks ($262.50), and deducting taxes on the costs deducted from Invoice #1 ($32.10). It appears that the three door locks removed from restitution correspond to "P-1: 1 door and I-102: 2 doors" that, in turn, relate to the Criminal Property Damage charges in counts 26 and 28, which were dismissed. The family court thus reduced the restitution amount to cover nine doors in eight classrooms, resulting in the amount of $2,545.40.

Minor argues on appeal that "[t]here is no way to determine if the restitution award includes losses that did not result from [Minor's] actions." However, Minor does not challenge the family court's adjudication of him as a law violator for the eight Criminal Property Damage charges. Moreover, whether Minor was the principal or an accomplice in damaging the eight classroom doors, the loss was "a result of [Minor's] actions[.]" HRS § 571-48(11).

Restitution may thus be ordered for the damage as alleged to each classroom identified in the Criminal Property Damage charges for which Minor was adjudicated.  It appears that the family court relied upon Invoice #1 in ordering restitution for nine doors in the eight classrooms that Minor was found to have damaged.  For the subject classrooms, invoice #1 reflects that each classroom had one door repaired, except classroom H-101 had two doors repaired.  We note, however, that the Petition in count 19 only charged Minor with Criminal Property Damage to one door for classroom H-101, and the family court's adjudication of Minor as a law violator for count 19 was based on the charge in the Petition.  The family court thus erred in ordering restitution for damage to nine doors when Minor had been adjudicated for damage to eight doors.

The amount of restitution is therefore revised by subtracting the costs related to one door (i.e., the lock, labor, and tax), bringing the total restitution amount for repairing eight doors to $2,267.20.[2]

(2) Minor argues that the family court erred by failing to merge each set of charges for Burglary, Theft, and Criminal Property Damage into one offense for each type of charge.  In particular, Minor relies upon HRS § 701-109(1)(e) (1993 Repl.), which provides:

> §701-109 Method of prosecution when conduct establishes an element of more than one offense. (1) When the same conduct of a defendant may establish an element of more than one offense, the defendant may be prosecuted for each offense of which such conduct is an element. The defendant may not, however, be convicted of more than one offense if:
>
> . . .

---

[2] This is calculated by subtracting the cost of one "Lever IC" lock ($180), labor for one lock ($87.50), tax on the lock and labor at 4% ($10.70) from the family court's ordered amount of $2,545.40 for a total of $2,267.20. $2,545.40 - (($180 + $87.50) x 1.04) = $2,267.20

    (e)    The offense is defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that specific periods of conduct constitute separate offenses.

As expressed in <u>State v. Frisbee</u>, 114 Hawai'i 76, 156 P.3d 1182 (2007):

The statute "reflects a policy to limit the possibility of multiple convictions and extended sentences when the defendant has basically engaged in only one course of criminal conduct directed at one criminal goal[.]" *See* Commentary on HRS § 701-109.

Whether a course of conduct gives rise to more than one crime [within the meaning of HRS § 701-109(1)(e)] depends in part on the intent and objective of the defendant. <u>The test to determine whether the defendant intended to commit more than one offense is whether the evidence discloses one general intent or discloses separate and distinct intents</u>. Where there is one intention, one general impulse, and one plan, there is but one offense. <u>*All factual issues involved in this determination must be decided by the trier of fact*</u>.

114 Hawai'i at 80-81, 156 P.3d at 1186-87 (underline emphasis added) (citations omitted) (block quote format altered).

In this case, each Burglary count in the Petition alleged that Minor intentionally entered or remained unlawfully in a building and specifically identified a particular classroom; each Theft count alleged that Minor obtained or exerted unauthorized control over specified school property with intent to deprive the school of the property; and each Criminal Property Damage count alleged that Minor intentionally or knowingly damaged school property in specifically identified classrooms. The family court, as the trier of fact, determined that the State had met its burden of proof as to eight counts of Burglary, seven counts of Theft, and eight counts of Criminal Property Damage. The family court, as trier of fact, thus determined that Minor had distinct intents as to each count. Minor does not challenge the family court's findings and unchallenged findings of fact are binding on appeal. <u>Marvin v. Pflueger</u>, 127 Hawai'i 490, 537, 280

P.3d 88, 135 (2012). Moreover, in denying Minor's motion for reconsideration as to the merger issue, the family court properly recognized that factual issues related to merger must be decided by the trier of fact.

As trier of fact, it was within the family court's purview to determine if Minor intended to commit more than one offense of Burglary, Theft and Criminal Property Damage. Minor has not challenged the family court's findings in this regard.

Therefore,

IT IS HEREBY ORDERED that the May 10, 2011 "Findings of Facts and Conclusions of Law; Order Denying, in Part and Granting, in Part, Minor's Motion for Reconsideration" is affirmed. The "Decree Re: Modification and Change of Law Violations Decree" entered July 28, 2011 and the "Order Following a Contested Restitution Hearing on July 15, 2011" are revised to order restitution in the amount of $2,267.20, but in all other respects are affirmed.

DATED: Honolulu, Hawai'i, August 23, 2013.

On the briefs:

Benjamin E. Lowenthal
(Law Office of Philip H. Lowenthal)
for Respondent-Appellant

Artemio C. Baxa
Deputy Prosecuting Attorney
County of Maui
for Petitioner-Appellee

Presiding Judge

Associate Judge

Associate Judge

6